IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEXTER JEROME WILLIAMS, #08036631, Plaintiff, | ) ) ) ) | |
| v. | ) ) | 3:08-CV-0078-M |
| LUPE VALDEZ, et al., Defendants. | ) ) ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a pre-trial detainee.

Parties: Plaintiff is presently incarcerated at the Dallas County Jail, awaiting trial for the offense of burglary of a building. *See State v. Williams*, No. F07-47942. Defendants are Dallas County Sheriff Lupe Valdez, and Dallas County Jail Detention Officers Overby and Frem Pah Gyasi.

The court has not issued process in this case, pending preliminary screening. On January 29, 2008, the magistrate judge issued a questionnaire to Plaintiff, who filed his answers thereto on February 7, 2008.

Statement of Case: The complaint, as supplemented by the answers to the questionnaire,

1

alleges defendants failed to protect Plaintiff from an assault by fellow inmates at the Dallas County Jail on February 15, 2007. Following Plaintiff's removal from the tank in which he was assaulted, Defendants allegedly refused to call a supervisor and provide medical assistance. (Complaint at 4). The complaint further alleges Defendants failed to investigate or question any inmate following the assault in question. (Complaint at handwritten attachment). Plaintiff seeks monetary relief for negligent acts and for violations of his first, fourth and eighth amendment rights. (Complaint at 4).

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions); 42 U.S.C. § 1997e(c)(1) (applicable to prison condition cases).

Sections 1915A(b), 1915(e)(2)(B), and 1997e(c)(1) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact.*" Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff seeks to recover monetary damages for the negligence and/or deliberate indifference of the Defendants as alleged in the complaint. The Prison Litigation Reform Act

(PLRA) of 1996 requires prisoners filing suit to demonstrate a physical injury to sustain a claim for damages. *See* 42 U.S.C. § 1997e(e); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (per curiam); *Harper v. Showers*, 174 F.3d 716, 719 n. 5 (5th Cir.1999).[1]

Plaintiff concedes that he did *not* suffer a physical injury as a result of Defendants' conduct. (Answer to Questions 3-5). Because Plaintiff did not suffer any physical injury, § 1997e(e) prevents him from asserting a claim for recovery of compensatory damages for emotional or mental injuries. *See Geiger*, 404 F.3d at 375; *Harper*, 174 F.3d at 719.[2]

The fact that Williams does not claim to have suffered a physical injury bars recovery of any compensatory damages for emotional or mental injuries. *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). However, the Fifth Circuit has held that the absence of a physical injury does not preclude a prisoner's recovery of nominal or punitive damages based upon constitutional violations. *See Hutchins v. McDaniels*, 512 F.3d 193, 197-98 (5th Cir. 2007).

Plaintiff concedes that Sheriff Valdez was not personally involved in the events at issue in this case. (Answer to Questions 6-8). To be liable under § 1983, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights. *See Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). It is well settled that supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983. *See Monell v. Dep't of*

---

[1] 42 U.S.C. § 1997e(e) states: "No federal civil action may be brought by a prisoner....for mental or emotional injury suffered while in custody without a prior showing of physical injury."

[2] Although there are instances in which the physical injury requirement does not apply, *See Harper*, *supra*, 174 F.3d at 719 (holding that requests for declaratory and injunctive relief to end allegedly unconstitutional conditions of confinement do not require a claim of physical injury) Williams does not seek such relief arising out of the episodic assault by a fellow inmate.

*Social Servs.*, 436 U.S. 658, 691-95 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985) (per curiam). Supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *see also Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985).

Plaintiff complains Defendants Overbey and Gyasi failed to investigate following his assault. An inadequate or invalid investigation, however, is insufficient to state a civil rights claim unless another recognized constitutional right is involved. Insofar as he seeks relief regarding an alleged violation of his due process rights, his claim fares no better. "[A] prisoner has a liberty interest only in 'freedom[s] from restraint ... impos[ing] *atypical* and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *See Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir.1995) (quoting *Sandin v. Conner,* 515 U.S. 472, 484 (1995)). Plaintiff does not have a federally protected liberty interest in having an inmate assault investigated to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate is indisputably meritless. *Cf. Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (per curiam) (prisoner did not have liberty interest, of kind protected by Due Process Clause of Fourteenth Amendment, in having grievance against mail room and security staff of prison, for allegedly withholding and ultimately losing some of his mail, resolved to his satisfaction).

Insofar as Plaintiff alleges that Defendants Overbey and Gyasi refused to escort him to the

infirmary for medical assistance, his claim fails to rise to an actionable constitutional claim. To state a colorable claim under the Eighth Amendment for denial of medical care, convicted inmates must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Norton*, 122 F.3d at 291. It occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837-840 (1994). The same standard applies to medical care claims of pre-trial detainees, such as the Plaintiff, under the Due Process Clause of the Fourteenth Amendment. *Wagner v. Bay City, Tex.,* 227 F.3d 316, 324 (5th Cir. 2000); *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999).

Plaintiff has not allege that he suffered from a serious medical condition or need. *See Gobert v. Caldwell,* 463 F.3d 339, 345 n. 12 (5th Cir. 2006) (serious medical need for Eighth Amendment purposes "is one for which treatment has been recommended"). His complaint is devoid of any allegations describing any symptoms that he was suffering following the inmate assault. Moreover, his answers to the questionnaire concede that he had not suffered any physical injury.

The remaining claims relate to the alleged failure to protect Plaintiff from inmates in his tank on February 17, 2007. Accepting as true Plaintiff's allegations, the court concludes that Plaintiff has arguably raised a claim for failure to protect under the Eighth and Fourteenth Amendments. Plaintiff's allegations that he advised prison officials of the threat he was facing during the three days leading to his assault, and that they disregarded his plea for assistance,

5

arguably raises a failure to protect claim.

"[P]rison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Longoria v. State of Texas*, 473 F.3d 586, 592-93 (5th Cir. 2006) (citing *Farmer v. Brennan,* 511 U.S. 825, 832-33 (1994)). Under *Farmer,* an inmate "must show that he [was] incarcerated under conditions posing a substantial risk of serious harm" and that prison officials were deliberately indifferent to an inmate's safety. *Farmer*, 511 U.S. at 834. An official acts with the requisite deliberate indifference if he is aware of an "excessive risk to inmate ... safety" and disregards that risk. *Id.* at 837. In this context, an officer's awareness of the risk is evaluated subjectively. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must in fact also have drawn the inference. *Id.*

Therefore, process should issue on Plaintiff's failure to protect claim under the Eighth and Fourteenth Amendments, and the related negligence claims, against Defendants Overby and Gyasi.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be dismissed with prejudice as frivolous, s*ee* 28 U.S.C. §§ 1915A(b), 1915(e)(2); 42 U.S.C. §§ 1997e(c)(1) and (e), except for Plaintiff's failure to protect claim, and related negligence claims, against Defendants Overby and Gyasi, on which process should issue.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 12th day of June, 2008.

                                              /s/ Wm. F. Sanderson, Jr.
                                              WM. F. SANDERSON, JR.
                                              UNITED STATES MAGISTRATE JUDGE

### NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.