IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DEXTER JEROME WILLIAMS, )
#08036631, )
        Plaintiff, )
)
v. ) 3:08-CV-0078-M
)
LUPE VALDEZ, et al., )
        Defendants. )

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge for pre-trial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On July 11, 2008, the district court accepted the findings, conclusions and recommendation of the magistrate judge, dismissed Plaintiff's claims as frivolous except for his failure to protect claim, and related negligence claims, against Defendants Overbey and Gyasi. On July 30, 2008, following service of process, Overbey and Gyasi filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Plaintiff's copy was returned to counsel for defendants with the following notation "Return to Sender, Not in Dallas County Jail." On August 8, 2008, Defendants Overby and Gyasi filed a motion for an involuntary dismissal under Fed. R. Civ. P. 41(b), contending that Plaintiff had failed to keep the court appraised of his address change as provided by the January 29, 2008 Filing Fee Order.

1

Rule 41(b) of the Federal Rules of Civil Procedure permits involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389 (1962)) (the court's authority under Rule 41(b) "is based on the 'courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases.'").

Plaintiff's failure to provide notice of his current address evinces a clear disregard for the proceedings in this case. The court is not required to delay disposition in this case until such time as Plaintiff decides to provide notice of his current address. Moreover, Plaintiff was provided notice in the filing fee order that his failure to comply with the order would result in the dismissal of his case for want of prosecution. Accordingly, the district court should exercise its discretion to dismiss this case with prejudice under Rule 41(b)

RECOMMENDATION:

For the foregoing reasons, it is recommended that Defendants' Rule 41(b) motion to dismiss (Docket # 16) be GRANTED, that the Rule 12(b)(6) motion to dismiss (Docket #15) be DENIED as moot, and that the complaint be DISMISSED with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

A copy of this recommendation will be transmitted to Plaintiff at the address listed on the docket sheet, and to counsel for defendants.

Signed this 18th day of September, 2008.

/s/ Wm. F. Sanderson, Jr.
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.